**In re PREMIERE HOLDINGS OF TEXAS, L.P., et al., Debtors.**

**James "Jim" Rutherford, Plaintiff,**

v.

**Money Mortgage Corporation of America, et al., Defendants.**

**Misc. No. G–02–MC–01.**

United States District Court,
S.D. Texas,
Galveston Division.

May 6, 2002.

John Wesley Wauson, Wauson & Associates, Sugarland, TX, for plaintiff.

***ORDER DENYING WITHOUT PREJUDICE MOTION FOR WITHDRAWAL OF THE REFERENCE OVER ADVERSARY PROCEEDING AND ORDER OF DISMISSAL WITHOUT PREJUDICE***

KENT, District Judge.

Now before the Court is a Motion for Withdrawal of the Reference Over Adversary Proceeding filed by James "Jim" Rutherford, Linda Rutherford, Jerry Rutherford, Trustee, Quality Infusion, Inc., and Rutherford Investments, Inc. (collectively "Movants"). Specifically, Movants request a withdrawal of the above-styled case from the United States Bankruptcy Court for the Southern District of Texas, Houston Division, where it is now pending, to this Court, pursuant to 28 U.S.C. § 157(d), Bankruptcy Rule 5011(a), and Bankruptcy Local Rule 5011.

Title 28 U.S.C. § 157(d) states: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." Pursuant to the plain language of § 157(d), then, a district court *must* withdraw a proceeding if it requires consideration of both bankruptcy and non-bankruptcy federal law affecting interstate commerce, also known as mandatory withdrawal, and *may* withdraw any other proceeding on its own motion or on timely motion of any party for good cause shown, commonly referred to as permissive withdrawal.

In the instant case, Movants seek to withdraw this proceeding solely on permissive grounds, and ask this Court to determine whether their Motion is timely, and if so, whether good cause for withdrawal has been shown. Movants also urge this Court to rule on this Motion without first obtaining a recommendation from the bankruptcy judge. After carefully considering Movants' arguments and the relevant law, the Court declines to withdraw the reference over the instant

adversary proceeding in the absence of a recommendation. Although Bankruptcy Rule 5011(a) stipulates that a motion for withdrawal of a case or proceeding shall be heard by a district judge, Local Bankruptcy Rule 5011 specifically advises that "[u]nless the district court orders otherwise, the matter shall first be presented to the bankruptcy judge for recommendation." The exercise of this local rule is firmly supported by the ethos undergirding the federal bankruptcy laws and the distinct division of power recognized between bankruptcy and Article III courts. In determining whether good cause for withdrawal has been shown, the threshold question is whether the proceeding is "core" or "non-core." While this Court could undertake the rather formidable task of resolving this inquiry, the relevant federal statutory and case law strongly suggest otherwise. Section 157(b)(3), for example, explicitly instructs that "[t]he bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11." 28 U.S.C. § 157(b)(3). Furthermore, the Fifth Circuit has cautioned that a district court's decision to adjudicate a case of this nature "must be based on a sound, articulated foundation." *Holland America Ins. Co. v. Succession of Roy*, 777 F.2d 992, 998–99 (5th Cir.1985) (holding that a court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process).

Bankruptcy courts, unlike this Court, are uniquely familiar with the subtle and esoteric intricacies permeating the entirety of the federal bankruptcy laws. Ostensibly for this very reason, Congress elected to vest the determination of whether a proceeding is core or non-core to the bankruptcy courts under § 157(b)(3). In light of this clear statutory mandate, as well as supporting Fifth Circuit case law and Local Bankruptcy Rule 5011, the Court concludes that it would be inappropriate to withdraw the reference over the instant adversary proceeding without first procuring a recommendation from the bankruptcy judge, who is eminently qualified and skilled in making such determinations. To do otherwise would not only thwart the strong federal policy in favor of having bankruptcy cases initially handled by a bankruptcy judge, but it would also simply be injudicious. This Court's knowledge of the instant adversary proceeding is exclusively limited to the information provided in Movants' brief. Consequently, this Court has no real understanding of the procedural posture of this case, much less the substantive character of Movants' claims against the debtor parties. Because the bankruptcy judge is substantially more familiar with both the instant proceeding and the relevant bankruptcy laws, the Court refrains from withdrawing Movants' proceeding prior to receiving a recommendation from the bankruptcy judge. The Court accordingly hereby **DENIES WITHOUT PREJUDICE** the Motion for Withdrawal of the Reference Over Adversary Proceeding, with specific instructions that Movants first obtain a recommendation from the bankruptcy judge on this matter prior to refiling a like Motion in this Court.

For the foregoing reasons, this action is hereby **DISMISSED WITHOUT PREJUDICE.** Each Party shall bear its own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**